UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONTE' GILDON,<br><br>Plaintiff,<br><br>v.<br><br>J. WALSH,<br><br>Defendant. | CAUSE NO. 1:25-CV-549-JD-SJF |

OPINION AND ORDER

Donte' Gildon, a prisoner without a lawyer, filed a complaint alleging excessive force and deliberate indifference to his medical needs. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gildon alleges that on August 22, 2025, at 11:00 p.m., he told defendant correctional officer J. Walsh that he needed to see a nurse. ECF 1 at 2. Walsh denied his request and Gildon asked to talk to a different officer or someone who could get him medical help because he was having chest pain. *Id.* Without issuing any warning, Walsh

sprayed a chemical agent into Gildon's cell. *Id.* Walsh left Gildon in the cell and did not give him a decontamination shower. *Id.*

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Gildon's claim that Walsh sprayed him with a chemical agent in response to his request for medical attention states a claim for an excessive use of force under the Eighth Amendment.

Gildon has also stated Eighth Amendment claims against Walsh for denial of medical care. To prevail on an Eighth Amendment claim for denial of medical treatment against non-medical staff, a plaintiff must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Gildon's allegation that Walsh refused to call a nurse after he reported having chest pain and asked for medical treatment states an Eighth Amendment claim. Gildon's allegation that Walsh refused to provide him with a decontamination shower after spraying his cell with a chemical agent also states an Eighth Amendment claim.

For these reasons, the court:

(1) GRANTS Donte' Gildon leave to proceed against Officer J. Walsh in his individual capacity for compensatory and punitive damages for spraying him with a chemical agent, denying him medical care for his chest pain, and denying him a decontamination shower, at the Miami Correctional Facility on August 22, 2025, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer J. Walsh at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of Officer J. Walsh, if he does not waive service and if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer J. Walsh to respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 23, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT